UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL NO: 1:19-cr-00349 |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| BECKY NICHOLE CRO, | : | (Magistrate Judge Schwab) |
| Defendant. | : | |
| | : | |

**ORDER**

July 20, 2022

## I. Introduction.

Becky Nichole Cro's motion for review of her detention order pursuant to 18 U.S.C. § 3145(c) is pending before the Court. Because Cro has not shown that she meets the statutory requirements for release, we will deny her motion.

## II. Background and Procedural History.

In December 2019, a grand jury indicted Cro on one count of conspiracy to distribute cocaine and two counts of attempt to possess with intent to distribute cocaine. *See doc. 1* (Indictment). Cro pleaded not guilty, and we released her pending trial subject to conditions of release. *See doc. 14* (Plea); *doc. 16* (Order setting conditions of release).

Based on a report by the Probation Department outlining that Cro violated several of her conditions of release, in May 2021, the United States moved for the

court to review her detention status. *See doc. 43* (Motion).  Following a hearing on

that motion, we continued Cro's pretrial release, but we imposed an additional

condition of release. *See doc. 51* (Order of May 20, 2021).  Based on a later report

from the Probation Department outlining further violations by Cro of the

conditions of her release, in January 2022, the United States again moved for the

court to review Cro's detention status. *See doc. 65* (Motion).  Following a hearing

on that motion, we again continued Cro's pretrial release, but we imposed yet an

additional condition of release. *See doc. 69* (Order of Feb. 15, 2022).  About a

month later, after a further report from the Probation Department, the United States

for the third time moved for review of Cro's detention status. *See doc. 70* (Motion).

Following a hearing on that motion, this time, given Cro's repeated failures to

comply with the conditions of her release and finding no justification for continued

pretrial release, we revoked Cro's pretrial release and order her detained pending

trial. *See doc. 82* (Order of Apr. 4, 2022).

Cro pleaded guilty to conspiracy to distribute cocaine in violation of 21

U.S.C. § 846. *See doc. 1* (Indictment), *doc. 77* (Plea Agreement), *doc. 87* (Guilty

Plea), and *doc. 91* (Order accepting Guilty Plea).  She is currently awaiting

sentencing. *See doc. 91* (Order scheduling sentencing for September 12, 2022).

On June 7, 2022, Cro filed a motion for review of her detention status pursuant to 18 U.S.C. § 3145(c). *See doc. 96* (Motion (under seal).[1]  Cro contends that the Dauphin County Prison, where she is being detained, is denying her prescribed medications. *Id*.[2]  Judge Conner referred Cro's motion to the undersigned.  Following a hearing on the motion, we ordered the parties to file briefs, and the parties have now done so. *See doc. 103* (Order of June 27, 2022); *doc. 104* (Cro's brief), *doc. 110* (United States' brief).  Because we conclude that Cro does not satisfy the standards for release under 18 U.S.C. § 3145(c), we will deny Cro's motion.

## III.  Discussion.

Before addressing whether Cro's request for release under 18 U.S.C. § 3145(c), we note that Cro is detained pursuant to 18 U.S.C. § 3143, which concerns release or detention of a defendant pending sentencing or an appeal.  And she has not shown that she is entitled to release under that section.

18 U.S.C. § 3143(a)(2) applies to a defendant awaiting sentencing who has been found guilty of certain offenses including offenses described in 18 U.SC.

---

[1] Although Cro's motion refers to 18 U.S.C. § 3145(b), *see doc. 69*, because her brief, *see doc. 104*, seeks release under § 3145(c), that is how we construe her request.

[2] Since Cro's motion was filed under seal, we do not elaborate here on her medical condition or the medications at issue.

§ 3142(f)(1)(C), which include certain offenses under the Controlled Substances Act.  Here, Cro pleaded guilty to conspiracy to distribute cocaine in violation of 21 U.S.C. § 846, and she is facing a maximum sentence of 40 years imprisonment. See *doc. 77* ¶A.1 (Plea Agreement).  Thus, § 3143(a)(2) applies here, and under that subsection, the court must order Cro detained while she is "awaiting imposition or execution of sentence" unless:

> **(A)(i)**  the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> > **(ii)**  an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> **(B)**  the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

None of the applicable conditions for release under § 3143(a)(2) are present. Because Cro has pleaded guilty, a motion for acquittal or a new trial has not—and reasonably will not be—filed.  Thus, § 3143(a)(2)(A)(1) is not satisfied because there is not a substantial likelihood that a motion for acquittal or a new trial will be granted.  Neither is § 3143(a)(2)(A)(ii) satisfied here because the United States has not recommended that no sentence be imposed on Cro. *See doc. 116* at 12 (Transcript-statement of AUSA that "we're not at the stage where she's going to be recommended for not serving incarceration").

As neither of the criteria under § 3143(a)(2)(A) are satisfied, the court cannot release Cro under § 3143(a)(2), and we need not address whether the requirement set forth in § 3143(a)(2)(B)—a finding by clear and convincing evidence that Cro is not a flight risk or a danger to another person or the community—is satisfied.  Nevertheless, the requirement under §3143(a)(2)(B) is not satisfied here.  Cro has not shown by clear and convincing evidence that she is not a danger to the community if released.  Cro has pleaded guilty to conspiracy to distribute cocaine.  And she has repeatedly failed to abide by the conditions of release set for her.  This despite being given repeated chances.  Thus, we previously concluded that Cro should be detained.  Given the nature of Cro's conviction and because Cro has shown that she cannot abide by conditions of release, including refraining from using controlled substances, she has failed to show that she is not a danger to the community.  Thus, she is not entitled to release under 18 U.S.C. § 3143(a)(2).

Cro contends that she nevertheless should be released pursuant to 18 U.S.C. § 3145(c).[3]  Under § 3145(c), "[a] person subject to detention pursuant to section

---

[3] The title of subsection 3145(c) is "Appeal from a release or detention order." 18 U.S.C. § 3145(c).  The United States observes that allowing the district court or a magistrate judge to review a detention order under § 3145(c) "result[s] in a curious statutory construction, particularly since the statutory language chosen by Congress is an 'appeal' of an order of detention." *Doc. 110* at 6.  Nevertheless, the United States recognizes that although not all courts so construe § 3145(c), the majority of courts, including judges of this court, have construed § 3145(c) to

3143(a)(2) . . . , and who meets the conditions of release set forth in section

3143(a)(1) . . . , may be ordered released, under appropriate conditions, by the

judicial officer, if is clearly shown that there are exceptional reasons why such

person's detention would not be appropriate."  Section 3143(a)(1), in turn,

provides for detention unless "the judicial officer finds by clear and convincing

evidence that the person is not likely to flee or pose a danger to the safety of any

other person or the community if released."

> Thus, 18 U.S.C. § 3145(c) explicitly provides that a "judicial
> officer" may release a person subject to detention pending
> sentencing if the court finds the following circumstances:
>
> > (1) the person is not likely to flee or pose a danger to the
> > safety of any other person or the community if released, and

---

provide that the district court has the authority to review the detention of an
offender pending sentencing and release that offender. *Id*. at 6.  And the United
States does not assert that this court does not have authority under § 3145(c) to
release Cro if she can meet the requirements of § 3145(c).  Rather, the United
States contends that Cro cannot meet those requirements. *Id*. at 6–7 ("This Court
can dispose of the motion [without] dwelling on the procedural posture because the
motion clearly fails to establish exceptional circumstances."); *id*. at 8 (suggesting
that Cro is a danger to the community because "if released, she will continue to
violate the laws of the United States by using marijuana" and that she has
"consistently violated" the conditions of her release).  Given that the United States
has not squarely argued that this court does not have authority to release Cro under
§ 3145(c) if she otherwise meets the criteria of that section, we need not address
that issue.  Rather, based on the cases from this court that have addressed that issue
and found that the court does have the authority, *see United States v. Williams*, 903
F. Supp. 2d 292 (M.D. Pa. 2012); *United States v. Ortiz*, No. 1:18-CR-00134, 2020
WL 1904478 (M.D. Pa. Apr. 17, 2020), we proceed to analyze whether Cro
satisfies the requirements of § 3145(c).

      (2) it is clearly shown that "there are exceptional reasons
      why such person's detention would not be appropriate."

*Williams*, 903 F. Supp. 2d at 294–95 (quoting § 3145(c)).  "The burden of proof

with respect to both circumstances appears to be clear and convincing evidence."

*Id*. at 295.

      As explained above, Cro has not shown by clear and convincing evidence

that she is not a danger to the community if released.  Thus, she is not entitled to

release under 18 U.S.C. § 3145(c).  Moreover, even if Cro were not a danger to the

community, she still would not be entitled to release under § 3145(c) because she

does not meet the "exceptional reasons" requirement.

      18 U.S.C. § 3145(c) does not define the term "exceptional reasons." *See* 18

U.S.C. § 3145(c).  Nor do we "have the benefit of Third Circuit guidance on the

definition or parameters of this specific term." *Ortiz*, 2020 WL 1904478, at *5.

But we are "guided by the decisions of other courts that have defined 'exceptional'

as something out of the ordinary that distinguishes the defendant's situation from

that of other defendants subject to mandatory presence detention." *Id*. (citing

cases).  "The test is a flexible one, vesting the court with discretion to determine

whether a particular set of circumstances are 'exceptional' based on a fact-

intensive inquiry." *Id.*

      Cro contends that her medical issues are exceptional reasons warranting her

release under § 3145(c).  We disagree.

A defendant's health or medical condition may under certain circumstances qualify as "exceptional reasons" for release under §3145(c). *See e.g. United States v. Ruff*, No. CR 18-561-2, 2020 WL 2732093, at *5 (E.D. Pa. May 26, 2020) (concluding that given the defendant's chronic asthma and his particular vulnerability to COVID-19, there is an exceptional reason warranting release pending sentencing); *United States v. Smith*, 34 F. Supp. 3d 541, 550, 556 (W.D. Pa. 2014) (concluding that the defendant failed to show exceptional circumstances but noting that "a significant health emergency may constitute an exceptional reason that requires immediate release from detention").  "But it is a rare case in which health conditions present an 'exceptional reason.'" *United States v. Wages*, 271 F. App'x 726, 728 (10th Cir. 2008).  In and of themselves, "[c]hronic medical conditions are not exceptional reasons justifying release." *United States v. Sotelo*, No. CR 14-652-6, 2016 WL 4191022, at *5 n.30 (E.D. Pa. Aug. 4, 2016). "'Exceptional reasons' requires courts look for a more acute need based on the inmate's condition." *Id.*  "Indeed, a defendant's health, absent unusual circumstances, does not constitute an exceptional circumstance under § 3145(c)." *United States v. Epstein*, No. 14-287 (FLW), 2016 WL 1435717, at *4 (D.N.J. Apr. 12, 2016).

8

Here, Cro contends that she is not receiving appropriate medical treatment at the Dauphin County Prison.[4]  More specifically, she contends that the prison is not providing the medications and treatments for her conditions that she received outside of prison. *Doc. 116* at 2–4.  Rather, although her treating physicians at the prison are aware of the treatment that she received prior to her detention, they have prescribed other medications and treatments, which, according to Cro, are not as effective. *Id*. at 2–6.  But that doctors disagree on the appropriate treatment for a patient is not unusual.  And Cro has not presented any medical evidence that the treatment she is currently receiving in prison is medically inappropriate.  That Cro would prefer the treatment previously prescribed for her condition, rather than the treatment prescribed by the prison doctors, does not rise to the level of exceptional reasons warranting release. *See, e.g.*, *United States v. Haugen*, No. CRIM. 12-305(2) DSD, 2015 WL 2070703, at *2 (D. Minn. May 4, 2015) (concluding that although the defendant has serious medical conditions and she had not received the same medications that she had taken before being incarcerated, she was receiving treatment and she had not shown that release pending appeal under § 3145(c) was warranted).

---

[4] As disclosed during the hearing on June 24, 2022, the undersigned notes that she has inquired about Cro's condition with the medical director of the Dauphin County Prison. *See doc. 116* at 6–8, 15.  The prison is aware of Cro's condition and her need for treatment. *Id*.

In sum, Cro has failed to make an individualized showing that rises to the level of "exceptional reasons" warranting her release under §3145(c).

**IV. Order.**

Based on the foregoing, **IT IS ORDERED** that Cro's motion (*doc. 96*) for release pursuant to 28 U.S.C. § 3145 is **DENIED**.

<u>**_S/Susan E. Schwab_**</u>
Susan E. Schwab
United States Magistrate Judge